IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § § § | |
| v. | § § | CRIMINAL ACTION NO. 4:16-CR-002-ALM-CAN |
| JUAN FRANCISCO CARRILLO-MIRANDA, | § § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 4, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Bradley Visosky.

On August 25, 2014, Defendant was sentenced by the Honorable United States District Judge Alia Moses of the Western District of Texas to twelve (12) months followed by a term of supervised release of one (1) year for the offense of Illegal Re-Entry into the United States. On December 29, 2014, Juan Francisco Carrillo-Miranda completed his period of imprisonment and began service of the supervision term. On January 13, 2016, jurisdiction of this case was transferred from the Western District of Texas to the Eastern District of Texas and assigned to the Honorable Judge Marcia Crone, United States District Judge for the Eastern District of Texas.

On January 13, 2016, the U.S. Probation Officer in the Western District of Texas executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 32 Sealed –

WD/TX and Dkt. 1 - EDTX]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime during the term of supervision; and (2) If the Defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The Defendant shall not illegally reenter the United States. If the Defendant lawfully reenters the United States during the term of probation or supervised release, the Defendant shall immediately report in person to the nearest U.S. Probation Office.

The Petition alleges that Defendant committed the following acts: (1) and (2) On or about July 10, 2015, Juan Francisco Carrillo-Miranda was found in the United States having been previously denied admission, excluded, deported, or removed from the United States on or about December 29, 2014, and the offender had not received the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security, the successor for this function pursuant to 6 U.S.C. §§202(3), 202(4) and 557, to reapply for admission, being voluntarily in the United States in violation of Title 8 U.S.C. §1326(a) & (b). On July 10, 2015, Juan Francisco Carrillo-Miranda did commit the offense of Assault Causes [sic] Bodily Injury Family Member, in violation of Texas Penal Code 22.01(a)(1). The Defendant completed his term of imprisonment on December 29, 2014. He was removed to Mexico on the same date. His term of supervised release was scheduled to expire on December 28, 2015.

On July 10, 2015, Juan Francisco Carrillo-Miranda was arrested in McKinney, Texas, for Assault Causes [sic] Bodily Injury Family Member. The McKinney Police Department offense report indicated that an officer responded to an emergency call involving a physical altercation. Upon arrival at the scene, it was reported by the caller that the Defendant had grabbed her from under the chin and pushed her into the dashboard of the parked vehicle they were sitting in. She

also indicated that the Defendant struck her in the face twice with a closed fist, and he choked her. The Defendant allegedly became upset when the victim told him that she was dating someone. The officer observed that the victim was bleeding from the mouth, had a gash on her lip, and her face was swelling around her eye socket and hairline. The Defendant was arrested and transported to the Collin County Jail. At the time of the arrest, he had not been legally admitted into the United States.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition. Having considered the Petition and the plea of true to allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no term of supervised release, such term of imprisonment to run concurrent to the sentence received in Cause Number 4:15CR147.

The Court also recommends that Defendant be housed in the Bureau of Prisons Seagoville facility, if appropriate.

**SIGNED this 5th day of February, 2016.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE